UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA MINCEY,

                    Plaintiff,

                                                    01-CV-6159T

          v.                          **DECISION
                                      and ORDER**

UNIVERSITY OF ROCHESTER, STRONG
MEMORIAL HOSPITAL, and 1199 UNION

                    Defendants.
_____

                    INTRODUCTION

     Plaintiff Laura Mincey brings this action pursuant to
Title VII of the Civil Rights Act of 1964, ("Title VII") and the
Age Discrimination in Employment Act, ("ADEA"), against The
University of Rochester, Strong Memorial Hospital(hereinafter
"Strong" or "the Hospital") claiming that she was discriminated
against by the defendant on the basis of her age, sex, color, and
religion.   Plaintiff also alleges that she was unlawfully
retaliated against by the defendant. Although plaintiff originally
filed this action <u>pro se</u>, I appointed counsel to represent the
plaintiff and assist her with her case.

     By Decision and Order dated July 23, 2003, I dismissed
plaintiff's claims of race, color and gender discrimination, as
well as her claims of retaliation, but allowed plaintiff to proceed

on her claims of age and religious discrimination.[1]  Thereafter, on September 16, 2004, plaintiff filed an Amended Complaint claiming that she was discriminated against on the basis of her race, age, religion, and skin color.

Defendant moves for summary judgment with respect to all of the plaintiff's remaining discrimination claims.  Strong contends that the plaintiff has failed to state a prima facie case of age, race, or religious discrimination, and that even if she has, she has failed to rebut Strong's legitimate, non-discriminatory reason for terminating her employment: to wit, that she had struck a co-employee during an argument.  Although Mincey concedes that she did make physical contact with the employee, she contends, inter alia, that Strong discriminated against her with respect to the investigation of the incident, and by failing to fire the other, younger employee involved in the altercation, whom she claims struck her first.

For the reasons set forth below, I find that plaintiff has failed to state a prima facie case of discrimination with respect to her age, race, skin color, or religion.  Further, even if plaintiff were able to establish a prima facie case of employment discrimination, I find that she has failed to rebut Strong's legitimate, non-discriminatory reason for firing her.

─────────────────

[1] By Decision and Order dated December 6, 2001, the Complaint against defendant Local Union 1199 was dismissed with prejudice.

BACKGROUND

Plaintiff Laura Mincey worked for the University of Rochester as a Housekeeper or Building Service Worker from September 1997 to February 23, 1999. Prior to her employment as a Housekeeper, plaintiff worked for the University in other capacities, including as an employee of the Food and Nutrition Department.

On February 15, 1999, Mincey was involved in an argument with two co-employees, Anna Klauck-Warren ("Klauck-Warren") and Wayne Montgomery ("Montgomery"). Montgomery, who was a shift leader, accused Mincey of punching Klauck-Warren's time card, even though Klauck-Warren had not yet arrived at work. According to the plaintiff, Montgomery was often hostile to her, and often used derogatory terms when addressing her, including calling her an "old bitch" and an "old hag."

When Klauck-Warren arrived at the scene, the three engaged in an altercation during which Mincey struck Montgomery. Although plaintiff admits that she "made physical contact" with Montgomery, she claims that she struck him in response to Montgomery first striking her. Defendant denies that Montgomery ever struck Mincey.

The Hospital conducted an investigation of the incident, and determined, based on the statements of the persons involved in the incident and an eyewitness, that Mincey had stuck Montgomery, and that Montgomery had not struck Mincey. Following the investigation, the Hospital suspended Montgomery for two days, and

suspended Klauck-Warren for three days for their roles in the altercation.   The Hospital terminated Mincey's employment on grounds that she had physically struck a fellow employee.  Mincey's union filed a grievance with respect to the termination of her employment, but thereafter declined to arbitrate the matter.


<u>DISCUSSION</u>

I.   <u>Summary Judgment Standard</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  <u>R.B. Ventures, Ltd. v. Shane</u>, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  <u>Annis v. County of Westchester</u>, 136 F.3d 239, 247 (2nd Cir. 1998).

II.   <u>Plaintiff's Age Discrimination Claims</u>

A.   <u>Legal Standards for Age Discrimination Claims</u>

To establish a prima facie case of discrimination under the ADEA, a plaintiff must demonstrate that; (1) she is a member of a protected group; (2) she was qualified for the position she held; and (3) she was discharged under circumstances giving rise to an inference of age discrimination. <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Promisel v. First American Artificial Flowers</u>, 943 F.2d 251, 259 (2d Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1060 (1992).  Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the *prima facie* stage is *de minimis*," <u>Tomka v. Seiler Corp.</u>, 66 F.3d at 1308 (internal citations omitted), it has also noted that "[a] jury cannot infer discrimination from thin air." <u>Norton v. Sams Club</u>, 145 F.3d 114 (2nd Cir.), <u>cert. denied</u> 119 S.Ct. 511 (1998).

Once a plaintiff has established a prima facie case of discrimination, the defendant must articulate a legitimate, nondiscriminatory rationale for its actions.  The burden then shifts to the plaintiff to demonstrate that the employer's stated rationale is merely a pretext for discrimination.  <u>McDonnell-Douglas Corp.</u>, 411 U.S. 792,(1973)

1.   Plaintiff  has  failed  to  state  a  prima  facie  case  of
_____Age Discrimination._____

In  the  instant  case,  plaintiff  has  failed  to  establish  that
her  employment  was  terminated  under  circumstances  giving  rise  to  an
inference  of  discrimination.   It  is  undisputed  that  plaintiff's
employment  was  terminated  after  the  Hospital  determined  that
plaintiff  had  struck  a  co-worker.   Despite  plaintiff's  arguments  to
the  contrary,  there  is  no  evidence  in  the  record  to  suggest  that
plaintiff's  age  played  a  role  in  the  determination  to  fire  her.
For  example,  plaintiff  suggests  that  an  inference  of  discrimination
is  raised  by  the  fact  that  Montgomery,  a  younger  employee,  was
disciplined  less  severely  than  she  was.   Strong,  however,  had
determined  that  Montgomery  had  not  struck  the  plaintiff,  and
therefore,  Montgomery  was  not  subject  to  the  same  disciplinary
standards  as  was  the  plaintiff.   Accordingly,  the  fact  that
Montgomery  was  disciplined  differently  by  the  defendant  is
immaterial.

Plaintiff  further  argues  that  an  inference  of  age
discrimination  is  raised  by  the  fact  that  the  Hospital  failed  to
determine  that  Montgomery  struck  her  despite  her  claim  that  he
struck  her  prior  to  her  striking  him.   Plaintiff  suggests  that
because  Montgomery  is  younger  than  she  is,  he  was  treated  more
favorably.

There  is,  however,  no  evidence  in  the  record  to  suggest  that
the  persons  responsible  for  investigating  the  incident  or

terminating the plaintiff's employment exhibited or possessed a bias against the plaintiff for any reason, including her age. Rather, the evidence reveals that Tracey Herbert, the Director of Facilities Operations for Residential Life, conducted an investigation of the fighting incident by speaking to an eyewitness and the persons involved.  Herbert concluded, based on the evidence gathered, that Mincey had struck Montgomery, and that Montgomery had not struck the plaintiff.  There is no evidence to suggest that Herbert bore any discriminatory animus, nor is there any evidence from which a trier of fact could conclude that the eyewitness who stated that Mincey had struck Montgomery was motivated by a discriminatory purpose.  Accordingly, I find no basis for plaintiff's claims that she was discriminated against on the basis of her age.

> 2.   <u>Defendant has set forth a legitimate non-discriminatory reason for terminating plaintiff's employment</u>.

Even if the plaintiff were able to state a prima facie case of age discrimination, the defendant has stated a legitimate, non-discriminatory reason for terminating the plaintiff's employment. Specifically, the Hospital contends that Mincey was fired for striking another employee.  As such, defendant's explanation constitutes a legitimate, non-discriminatory reason for terminating plaintiff's employment.

3.     Plaintiff has failed to rebut Defendant's legitimate, non-discriminatory reason for terminating the plaintiff's position.

Mincey has failed to present any evidence from which a reasonable trier of fact could conclude that Mincey was fired as a result of discrimination, as opposed to being terminated for having struck a co-employee.  Plaintiff admits that she struck Montgomery, and that act alone, even if allegedly taken in retaliation for discriminatory acts against her, justifies her termination.  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2nd Cir. 2000)(slapping alleged harasser in response to sexual harassment not a protected activity).  Accordingly, even if Montgomery had on previous occasions made derogatory comments to her, plaintiff's striking of Montgomery was unwarranted, and constituted a valid reason for terminating her employment.

B.     Age-related Hostile Work Environment Claims

Plaintiff contends that she was subjected to numerous derogatory comments made by Montgomery, and that as a result, she was subjected to a hostile work environment.

To state a claim for discrimination based on a hostile working environment, a plaintiff must establish that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."

<u>Shabat v. Blue Cross Blue Shield of Rochester Area</u>, 925 F.Supp. 977, 981 (W.D.N.Y. 1997)(citing <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993); <u>See also</u>, <u>Gallagher v. Delaney</u>, 139 F.3d 338, 346 (2d Cir.1998) ("A reasonable person would have to find the environment hostile or abusive, and the victim must have subjectively so perceived it.").

In the instant case, I find that plaintiff has failed to allege the existence of a workplace so "permeated with discriminatory intimidation, ridicule, and insult" that it altered the conditions of Mincey's employment. Plaintiff's allegations that Montgomery called her an "old bag", "old hag", and "miserable hag", along with her complaints that he called her "stupid", and "crazy" and that he ignored her when she said good morning to her are indicative of a poor relationship between Montgomery and Mincey, but fail to establish the existence of workplace that was hostile based on plaintiff's age.

III. <u>Religious Discrimination Claims</u>.

Plaintiff alleges that she was discriminated against by the defendant on the basis of her Christian faith.  In support of this claim, she contends that her supervisor Susie Mack, on one occasion, stated that she disliked people who "pretend[ed] they're Christian."  Mincey contends that the comment was directed to her. Mincey also contends that on some occasions, a bible, books, and

pamphlets pertaining to her religion that she left in a break room would be moved by an unknown person from a table to the floor.

To state a claim for religious discrimination pursuant to Title VII, a plaintiff must establish that: (1) she is a member of a protected group; (2) she was qualified for the position she held; and (3) she was discharged under circumstances giving rise to an inference of religious discrimination.  Mandell v. County of Suffolk, 316 F.3d 368, 377 (2nd Cir. 2003).  In the instant case, I find that plaintiff has failed to establish that she was fired under circumstances giving rise to an inference that her employment was terminated because of her Christian faith.  There is no evidence to suggest that any anti-Christian animus played any role in the decision to fire Mincey, which was made after it was determined that she had physically struck another employee. Moreover, even if plaintiff were able to state a claim for religious discrimination, she has failed to rebut the defendant's legitimate non-discriminatory reason for terminating her employment.  Accordingly, I dismiss plaintiff's claims of religious discrimination.

   IV.  Racial Discrimination Claims

Plaintiff alleges that she was discriminated against because she befriended an Hispanic employee, and that the majority of defendant's employees, who were black, did not approve of Mincey's friendship.  I find that plaintiff's allegations fail to establish

a prima facie case of racial discrimination, and accordingly, I dismiss plaintiff's racial discrimination claims.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's Amended Complaint.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   Michael A. Telesca
United States District Judge

DATED:    Rochester, New York
          November 2, 2006